UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

HEINS RODRIGUEZ,

                                     Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer ZHENG
ZUOPENG, Shield No. 25461; and JOHN and JANE DOE
1 through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                             Defendants.

--------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT
ON BEHALF OF
DEFENDANTS
CITY OF NEW YORK AND
POLICE OFFICER
ZUOPENG ZHENG**

16 CV 5861 (NG) (RER)

<u>Jury Trial Demanded</u>

        Defendants CITY OF NEW YORK and POLICE OFFICER ZUOPENG ZHENG (s/h/a "Police Officer Zheng Zuopeng") (hereinafter referred to collectively as "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action and base jurisdiction as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the Complaint except admit that plaintiff purports to base venue as stated therein.

        5.    Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6. Paragraph "6" of the Complaint is a demand for trial by jury, and accordingly, requires no response.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that The City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a recitation of its functions.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that on August 13, 201, Zuopeng Zheng was employed by the City of New York as a Police Officer, and that plaintiff purports to sue him as set forth therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff purports to proceed as stated therein

12. Paragraph "12" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that on or about August 13, 2015, plaintiff was arrested in the vicinity of 102nd Street and 43rd Avenue, Queens New York, at or around 4:47 p.m.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff struck a parked vehicle.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff was handcuffed.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff was transported to the 110th Precinct.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff's arrest was processed at the precinct.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was transported to Elmhurst Hospital Center.

21.     Deny knowledge or information sufficient to form a belief as to the of the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complain.

25.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit the City of New York received a document purporting to be a notice of claim pertaining to plaintiff on or about October 27, 2015.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the purported claim has not been adjusted or paid.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, except admit that the Complaint was filed on or about October 20, 2016.

- 3 -

28.   Deny the allegations set forth in paragraph "28" of the Complaint.

29.   In response to the allegations set forth in paragraph "29" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

30.   Deny the allegations set forth in paragraph "30" of the Complaint.

31.   Deny the allegations set forth in paragraph "31" of the Complaint.

32.   In response to the allegations set forth in paragraph "32" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

33.   Deny the allegations set forth in paragraph "33" of the Complaint.

34.   Paragraph "34" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response

35.   Deny the allegations set forth in paragraph "35" of the Complaint.

36.   In response to the allegations set forth in paragraph "36" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

37.   Paragraph "37" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response.

38.   Deny the allegations set forth in paragraph "38" of the Complaint.

39.   Deny the allegations set forth in paragraph "39" of the Complaint.

40.   Deny the allegations set forth in paragraph "40" of the Complaint.

41.   Deny the allegations set forth in paragraph "41" of the Complaint.

42.   In response to the allegations set forth in paragraph "42" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

43.   Deny the allegations set forth in paragraph "47" of the Complaint, and further state that the allegations set forth therein regarding scope of employment constitute conclusions of law, rather than averments of fact, and accordingly, require no response.

44.   Deny the allegations set forth in paragraph "44" of the Complaint.

45.   Deny the allegations set forth in paragraph "45" of the Complaint, and further state that the allegations set forth therein regarding *respondeat superior* constitute conclusions of law, rather than averments of fact, and accordingly require no response.

46.   Deny the allegations set forth in paragraph "46" of the Complaint.

47.   In response to the allegations set forth in paragraph "47" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

48.   Deny the allegations set forth in paragraph "48" of the Complaint.

49.   Deny the allegations set forth in paragraph "49" of the Complaint.

50.   Deny the allegations set forth in paragraph "50" of the Complaint.

51.   Deny the allegations set forth in paragraph "51" of the Complaint.

52.   In response to the allegations set forth in paragraph "52" of the Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

53.   Paragraph "53" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

56. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

57. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

59. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

60. Plaintiff provoked any incident.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

61. Plaintiff's state law claims may be barred, in whole or in part, because plaintiff may have failed to comply with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

62. At all times relevant to the acts alleged in the Complaint, defendant The City of New York, its agents and officials, acted reasonably and properly in the lawful exercise

of their discretion. Therefore, defendant The City of New York is entitled to governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63.   To the extent plaintiff alleges claims under State law, such claims may be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.   To the extent plaintiff alleges claims under State law, such claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65.   Plaintiff failed to mitigate his damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

66.   There was reasonable suspicion and/or probable cause for any stop, seizure, detention and/or search.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

67.   Defendant Police Officer Zuopeng Zheng has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

68.   At all times relevant to the acts alleged in the Amended Complaint, Defendant Police Officer Zuopeng Zheng acted reasonably and in the proper and lawful exercise of his discretion.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

69.    There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

70.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.


**WHEREFORE**, defendants THE CITY OF NEW YORK and POLICE OFFICER ZUOPENG ZHENG request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              January 30, 2017


                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for defendants City and Zheng*

                                     /s/
                      By:     _____
                              Daniel H. Oliner
                              Assistant Corporation Counsel
                              Special Federal Litigation Division
                              New York City Law Department
                              100 Church Street, Room 3-203(A)
                              New York, New York 10007
                              212.356.2329


To:    Baree Nichole Fett, Esq. (*via ecf*)
       *Attorney for plaintiff*