UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

HEINS RODRIGUEZ,

Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ZHENG ZUOPENG, Shield No. 25461; Police Officer ALEN CHEN, Shield No. 28461; Sergeant MATTHEW S. STARRANTINO; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

16 CV 5861 (NG) (RER)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Heins Rodriguez is a resident of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. The individual defendants, at all times relevant herein, were officers, employees and agents of the NYPD. The individual defendants are being sued in their individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 4:45 p.m. on August 13, 2015, Mr. Rodriguez was riding his bicycle in the area of 102nd Street and 43rd Avenue in the Corona neighborhood of Queens, New York.

14. As Mr. Rodriguez was proceeding with traffic on 43rd Avenue, he was violently struck by a police vehicle.

15. The force of the impact caused Mr. Rodriguez to be thrown from his bicycle.

16. Plaintiff struck a parked vehicle before crashing to the ground.

17. The defendant officers then approached Mr. Rodriguez and handcuffed him.

18. Mr. Rodriguez asked to go to a hospital, but the officers ignored his plea and his obvious need for medical treatment and instead took him directly to the 110th Precinct.

19. At the precinct, Mr. Rodriguez, in significant pain, was lodged in a cell.

20. An ambulance eventually arrived at the precinct and Mr. Rodriguez was taken to Elmhurst Hospital Center where he was treated for his injuries.

21. Mr. Rodriguez was eventually diagnosed with multiple injuries including bulging discs in his back and has required ongoing medical treatment.

22. Mr. Rodriguez was prescribed physical therapy for his injuries and injections for the acute pain in his back.

23. To date, Mr. Rodriguez continues to suffer from the injuries he sustained as a result of defendants' conduct.

24. The defendants prepared false paperwork and forwarded it to employees of the Queens County District Attorney's office.

25. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

26. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## Unreasonable Force

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## State Law Assault and Battery

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

34. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

35. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
## Negligence; Negligent Hiring, Training & Retention

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

38. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

39. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

40. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## Negligence Infliction of Emotional Distress

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

44. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

45. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Denial of Constitutional Right to Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiff.

49. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

50. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: July 6, 2017
New York, New York

HARVIS & FETT LLP

_______________________________

Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiff*