UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HEINS RODRIGUEZ,

                              Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ZHENG ZUOPENG, Shield No. 25461; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------X

**STIPULATION AND ORDER OF CONFIDENTIALITY**

16 CV 5861 (NG) (RER)

        **WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, the parties will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiffs and defendants, as follows:

        1.    As used herein, "Action" shall mean the pending action between plaintiff and defendant captioned Heins Rodriguez v. City of New York, et al., 16-CV-5861 (NG) (RER).

        2.    "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel records and information and (b) disciplinary-related records, and information, and investigations conducted by the NYPD, the Civilian Complaint Review Board,

or other agencies regarding the conduct of Members of the Service of the NYPD; (c) plaintiff's medical records; and (d) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained by plaintiff pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

3. The receiving party and its attorneys shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

4. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses and complainants identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

5. The receiving party's attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of

          litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Plaintiff's attorney shall retain the signed consent and furnish a copy to defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is produced.

6.    A party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by City Defendants or that party's counsel.

7. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Nothing in this Stipulation shall be construed to limit the producing party's use of their own Confidential Materials in any manner.

10. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the parties, or

anyone receiving confidential documents pursuant to Paragraph 4 herein, for any purpose without prior Court approval.

12. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

Dated: July 6, 2017
New York, New York

| | |
|---|---|
| Baree N. Fett, Esq.<br>*Attorney for Plaintiff*<br>305 Broadway, 14th Floor<br>New York, New York 10007<br>(212) 323-6880 | ZACHARY W. CARTER<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City and Zheng*<br>100 Church Street<br>New York, New York 10007<br>(212) 356-3159 |
| By: _____<br>Baree N. Fett, Esq. | By: *Elizabeth Bardauskis*<br>Elizabeth Bardauskis<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division |

SO ORDERED:

_____
Honorable Ramon E. Reyes, Jr.
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York in the action entitled Heins Rodriguez v. City of New York, et al., 16-CV-5861 (NG) (RER), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                                                     Signature

                                                                         _____
                                                                         Print Name

                                                                         _____
                                                                         Occupation