UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

HEINS RODRIGUEZ,

                        Plaintiff,

- against -

CITY OF NEW YORK; Police Officer ZHENG ZUOPENG, Shield No. 25461; Police Officer ALEN CHEN, Shield No. 28461; Sergeant MATTHEW S. STARRATINO; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, POLICE OFFICER ZUOPENG ZHENG, POLICE OFFICER ALEN CHEN, AND SERGEANT MATTHEW S. STARRATINO**

16 CV 5861 (NG)(RER)

Jury Trial Demanded

-----------------------------------------------------------------

        Defendants City of New York, Police Officer Zuopeng Zheng, Police Officer Alen Chen, and Sergeant Matthew S. Starratino (hereinafter collectively referred to as "Defendants"), by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the First Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the First Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the First Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the First Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations set forth in paragraph "5" of the First Amended Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6. Paragraph "6" of the First Amended Complaint is a demand for trial by jury to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the First Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the First Amended Complaint, except admit that the City of New York is a municipal corporation, duly organized and existing under the laws of the State of New York, and that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between the City of New York and its police department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the First Amended Complaint, except admit that Defendants Police Officer Zuopeng Zheng, Police Officer Alen Chen, and Sergeant Matthew S. Starratino are members of the New York City Police Department ("NYPD"), and that plaintiff purports to proceed as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the First Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the First Amended Complaint.

12. Paragraph "12" of the First Amended Complaint sets forth legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the First Amended Complaint, except admit that, on August 13, 2015, plaintiff was arrested in front of 102-11 43rd Avenue in Queens, New York.

14. Deny the allegations set forth in paragraph "14" of the First Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the First Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the First Amended Complaint, except admit that plaintiff struck a parked vehicle while riding his bicycle on August 13, 2015.

17. Deny the allegations set forth in paragraph "17" of the First Amended Complaint, except admit that, on August 13, 2015, plaintiff was arrested and handcuffed.

18. Deny the allegations set forth in paragraph "18" of the First Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the First Amended Complaint, except admit that plaintiff was lodged in a cell while in custody at the 110th Precinct following his arrest on August 13, 2015.

20. Deny the allegations set forth in paragraph "20" of the First Amended Complaint, except admit that, on August 13, 2015, plaintiff was transported to Elmhurst Hospital Center.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the First Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the First Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the First Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the First Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the First Amended Complaint, except admit that a document purporting to be a Notice of Claim was served upon the City of New York on or about October 21, 2015.

26. Deny the allegations set forth in paragraph "26" of the First Amended Complaint, except admit that plaintiff's claims have not been settled or adjusted.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the First Amended Complaint, except admit that this action was commenced on October 20, 2016.

28. Deny the allegations set forth in paragraph "28" of the First Amended Complaint.

29. In response to the allegations set forth in paragraph "29" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding

paragraphs of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the First Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the First Amended Complaint.

32. In response to the allegations set forth in paragraph "32" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the First Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the First Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the First Amended Complaint.

36. In response to the allegations set forth in paragraph "36" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the First Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the First Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the First Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the First Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the First Amended Complaint.

42. In response to the allegations set forth in paragraph "42" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the First Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the First Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the First Amended Complaint.

47. In response to the allegations set forth in paragraph "47" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the First Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the First Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the First Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the First Amended Complaint.

52. In response to the allegations set forth in paragraph "52" of the First Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the First Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the First Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the First Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

56. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

57. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants Zheng, Chen, or Starrantino.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

58. There was probable cause for plaintiff's detention, arrest, and prosecution.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

59. At all times relevant to the acts alleged in the First Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

60. Defendants Zheng, Chen, or Starrantino have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore they are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

61. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

62. Defendant Starrantino had no personal involvement in the incidents alleged in the First Amended Complaint.

### AND AS FOR AN EIGHTH AFFIRMATIVE DEFENSE:

63. Punitive damages cannot be assessed against the City of New York.

### AND AS FOR A NINTH AFFIRMATIVE DEFENSE:

64. To the extent that plaintiff asserts state law claims, such claims may be barred, in whole or in parts, by his failure to comply with New York General Municipal Law §§ 50(e), *et seq.*

### AND AS FOR A TENTH AFFIRMATIVE DEFENSE:

65. Plaintiff may have failed to comply with conditions precedent to suit.

**WHEREFORE,** Defendants request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 16, 2017

                                         ZACHARY W. CARTER
                                         Corporation Counsel of the
                                         City of New York
                                         *Attorney for Defendants City, Zheng, Chen,*
                                         *and Starrantino*
                                         100 Church Street
                                         New York, New York 10007
                                         (212) 356-3159

By:                  /s/
                                         ELIZABETH BARDAUSKIS
                                         *Assistant Corporation Counsel*
                                         Special Federal Litigation

To: Baree N. Fett, Esq. (by ECF)
       *Attorney for Plaintiff*
       305 Broadway, 14th Floor
       New York, New York 10007

Index No. 16-cv-5861 (NG)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HEINS RODRIGUEZ,

                              Plaintiff,

- against -

CITY OF NEW YORK; Police Officer ZHENG ZUOPENG, Shield No. 25461; Police Officer ALEN CHEN, Shield No. 28461; Sergeant MATTHEW S. STARRATINO; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

## ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANTS CITY, ZHENG, CHEN, AND STARRANTINO

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City, Zheng, Chen, and Starrantino*
100 Church Street
New York, New York 10007

Of Counsel:  Elizabeth Bardauskis
Tel:  (212) 356-3159

*Due and timely service is hereby admitted.*

*New York, N.Y.* ..............................................................................., 201......

........................................................................................................ *Esq.*

*Attorney for* ..................................................................................................