

GABRIEL P. HARVIS
BAREE N. FETT                                                          April 23, 2018

<u>BY ECF</u>
Honorable Ramon E. Reyes
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

   Re: *Rodriguez v City of New York, et al.*, 16 CV 5861 (NG) (RER)

Your Honor:

  I represent plaintiff in the above-referenced civil rights action. I reluctantly write in response to the letter defendants filed this afternoon.

  Initially, plaintiff respectfully notes that defendants' letter – which goes so far as to accuse plaintiff of violating the "letter and spirit" of this Honorable Court's "specific directives" at the March 22, 2018 conference – was made by the fifth defense attorney assigned to handle this case, who apparently received that assignment today. This alone constitutes a violation of the only specific directive actually issued at the March 22nd conference: that defendants expeditiously transfer the case to new defense counsel and bring that person up to speed. *See* March 22nd Conference Transcript, annexed hereto as 1, p. 8, ln. 11-16, 18-23 ("So finish the reassignment memo. Tell Pat Miller or whoever it is, that…is responsible for reassigning the case it needs to be reassigned by the end of next week. That person needs to step up, get…acquainted…").[1]

---

[1] As a consequence of today's reassignment, defendants were wholly unprepared to engage in the good faith meet and confer ordered by the Court on Friday. Indeed, when ECF notification of the order issued Friday, plaintiff immediately e-mailed Ms. Fudim, who at that time was understood to have been handling the matter for approximately three weeks, to schedule a call. In an e-mailed response, plaintiff learned for the first time that another ACC, Richard Bahrenburg, was apparently taking over and Ms. Fudim was "getting him up to speed." Mr. Bahrenburg, we were told, was available to speak today. This morning we learned that yet another attorney, Zachary Bergman, would in fact be assigned. During our call this afternoon, Mr. Bergman was unable to articulate defendants' substantive

Hon. Ramon E. Reyes
Apr. 23, 2018

  Indeed, when compared with the record, including the March 22nd transcript, defendants' letter amounts to a series of gratuitous misrepresentations to the Court. First, defendants represent, falsely, that plaintiff's April 11, 2018 letter motion seeks "new discovery," when it is beyond dispute that plaintiff duly served written requests for the material at issue over a year ago, with ample follow-up.² *See* DE #32, pp. 2-3. Second, defendants' letter falsely states that the Court entered a Rule 16 discovery order at the March 22nd conference, requiring plaintiff to establish "good cause" for his application. In reality, however, the Court made no such ruling:

> THE COURT: …I will cut a little bit of slack because I know you guys have a lot going on, I will give you until May 18th to complete all discovery; depositions, post-deposition document requests, whatever…[W]hatever it is remaining will get done by May 18th …

Exhibit 1, p. 9, ln. 1-4. Review of the brief transcript reveals the Court imposing no limitation on the discovery available to plaintiff within the remaining period.

  As the Court may recall, plaintiff has been nothing but gracious in accommodating the series of defense counsel life events that have defined and frustrated this case. Now, if it should please the Court, those kindnesses are repaid by: 1) a frivolous opposition to plaintiff's motion to compel by the second attorney (DE #33), taking merits positions with no basis in law, including regarding disciplinary files; 2) violation of the Court's March 22nd directive that defendants expeditiously transfer the case to someone in a position to litigate it; 3) the filing, by defendants' fifth attorney, of a letter containing demonstrably false allegations about the prior proceedings as set forth above (DE #35); and 4) defendants' failure to allow meaningful compliance with the Court's April 20th conferral order by virtue of defense counsel's lack of knowledge or preparation. Plaintiff further respectfully submits that such conduct has prejudiced

---

position, other than to say defendants "stood on their responses" but might have more information when the parties appeared at tomorrow's conference. Mr. Bergman, who understandably knew little of the file, largely conceded the relevance of the material sought, but was unable to commit to a date certain for production as to any of it. Neither Ms. Fudim nor Ms. Bardauskis (nor Mr. Bahrenburg) were on the call.

² Plaintiff respectfully submits that, in addition to being specifically requested under Rules 33 and 34 (and therefore approximately eleven months overdue), much of the material (particularly in categories 1 and 4 of plaintiff's April 11th letter) was also subject to mandatory disclosure within two weeks of the initial conference in March 2017. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

Hon. Ramon E. Reyes
Apr. 23, 2018

Mr. Rodriguez.[3]

    Thank you for your attention to this matter.

                                           Respectfully submitted,

                                           Gabriel P. Harvis

Encl.

cc: All Counsel

---

[3] Viewed in its broader context, defendants' conduct raises additional concerns. For example, defendants never disclosed, over the course of thirteen months of litigation, that a fourth officer, the sergeant's driver, was present at the scene of plaintiff's arrest and actually participated in the disputed events. *See* Starrantino Memo Book (as originally produced), annexed hereto as Exhibit 3; Exhibit 5 to DE #32 (defendants' discovery responses), at Interrogatory Response 1(c) (p. 6). The existence of this witness was only uncovered by happenstance when plaintiff's counsel was able to obtain the obscure software necessary to review the raw surveillance footage. At plaintiff's urging, defendant Starrantino's memo book was reproduced on April 17, 2018. But, as of this writing, the witness officer (and potential defendant) has not been identified.