

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Zachary Russell Bergman
Assistant Corporation Counsel
Phone: (212) 356-5051
Fax: (212) 356-3509
zbergman@law.nyc.gov

July 9, 2018

**BY ECF**
Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Rodriguez v. City of New York, et al.
16 CV 5861 (NG) (RER)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing the defendants in the above-captioned case. Defendants write to respectfully request that the Court schedule a settlement conference at its earliest convenience, at which plaintiff's attendance is required, and issue a corresponding stay of the remaining discovery deadlines pending the outcome of such a conference, as defendants believe that a settlement agreement can be reached with the Court's assistance.[1]  This request is made over plaintiff's objection.

By way of background, at a conference on April 24, 2018, plaintiff's counsel stated that plaintiff has been "open to settlement discussions" and noted that plaintiff made a six-figure demand that was "[a]s low as it gets."  (See relevant excerpts from April 24, 2018 conference attached hereto as Exhibit A, at pp. 42:9-44:16).  Thereafter, defendants substantially increased their settlement offer and the parties made progress towards reaching a settlement.  In turn, defendants, with plaintiff's consent, requested a two week extension of time to provide plaintiff with certain discovery and a corresponding two week extension of time to complete fact discovery so that the parties could engage in further settlement discussions.[2]  (Docket Entry No. 39)  The Court granted that request on June 12, 2018 and Ordered that the parties complete fact

---

[1] The undersigned will be out of the state from July 11th through July 15th, but is otherwise available at the Court's convenience.

[2] Plaintiff, at or about that time, informed defendants that he intended to undergo an MRI to further evaluate his alleged injuries despite the fact that he was already seen by a doctor who produced an expert report. Counsel initially indicated that they anticipated that plaintiff would be seen within a week or so. Upon information and belief, plaintiff has yet to undergo the aforementioned MRI.

discovery on or by July 27, 2018. Since then, defendants increased their offer to plaintiff and issued an offer pursuant to Rule 68 of the Federal Rules of Civil Procedure. Plaintiff, however, rejected those offers, stopped negotiating with defendants, and then rescinded his demand. Defendants, however, believe that a settlement can be reached with the Court's assistance.

In light of the above, defendants respectfully request that the Court set a settlement conference at its earliest convenience, at which plaintiff's attendance is required, and issue a corresponding stay of the remaining discovery deadlines pending the outcome of such a conference.

                                        Respectfully submitted,

                                        /s/
                                        Zachary Russell Bergman
                                        *Assistant Corporation Counsel*

cc       Gabriel Harvis, Esq. (By ECF)
          Baree N. Fett, Esq.
          *Attorneys for Plaintiff*