

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Zachary Russell Bergman
Assistant Corporation Counsel
Phone: (212) 356-5051
Fax: (212) 356-3509
zbergman@law.nyc.gov

July 27, 2018

**BY ECF**
Honorable Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    Re:        <u>Rodriguez v. City of New York, et al.</u>, 16 CV 5861 (NG) (RER)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing the defendants in the above-captioned case. Discovery is set to close today, and plaintiff emailed defendants last night, at 8:48 p.m., to provide defendants with "Plaintiff's Rule 26(e) Supplemental Disclosures." As set forth more fully below, those disclosures itemize newly-claimed head and psychological injuries and also include, among other things, HIPAA releases to access certain medical records from four previously unidentified medical providers. Accordingly, defendants respectfully write to request: (1) a 45-day extension of discovery to permit defendants to process those releases, review the corresponding medical records, and re-open plaintiff's deposition; and (2) a corresponding extension of the expert discovery deadlines. In the alternative, defendants respectfully request that plaintiff be precluded from referencing any non-garden-variety purported psychological or cognitive issues, and any corresponding treatment, during the pendency of this litigation.

        Plaintiff's position is as follows: "[p]laintiff consents to the extension of time, but disputes defendants' characterization of plaintiff's medical disclosures, which at all times have been in good faith. Indeed, defendants' application is a tactical effort to avoid scrutiny of their own discovery failings, which, as they are aware, are the subject of a forthcoming motion from plaintiff. In their haste, defendants have defied the spirit of this Court's meet and confer requirements. While plaintiff agrees that the circumstances warrant more time for medical discovery, there is nothing in the record to support a preclusion order against plaintiff and plaintiff respectfully requests that any such application be denied."

By way of background, plaintiff served his initial disclosures on March 13, 2017. Therein, plaintiff declined to enumerate his physical and emotional injuries and stated that "[w]ith respect to his claims for damages for emotional distress, plaintiff objects to disclosing this information on the ground that it calls for the production of information protected by the attorney-client and attorney work product privileges." In his July 26, 2017 response to defendants' interrogatory demanding that plaintiff "[i]dentify all injuries claimed by plaintiff as a result of the incident," plaintiff claimed that he incurred "physical and garden-variety emotional injuries as a result of the incident" and only listed physical injuries to "his back, wrists, and right leg and arm." Plaintiff did not allege any head injuries.

On April 13, 2018, plaintiff served an expert disclosure pursuant to Rule 26(a) and provided defendants with a report generated by Dr. Ali E. Guy, M.D., a physiatrist. Dr. Guy diagnosed plaintiff with a variety of injuries, including "post-concussion syndrome," but did not indicate that he had conducted any physical examination of plaintiff's head or cognitive state, did not render an opinion about same, and did not recommend that plaintiff receive any further treatment with regard to same. Rather, the only mention of a head injury appears in the report's narrative where plaintiff indicated that he "sustained injuries to his head, his neck, his back, both hands, both wrists, both knees."

At an April 24, 2018 conference, plaintiff's counsel stated that "[w]e have an expert report that says what [plaintiff's injuries] are and that they're with a reasonable degree of medical certainty, causally related to this incident, that they're permanent." (Pertinent pages from the Transcript of the April 24, 2018 Conference, attached hereto as Exhibit A, at pp. 38:20 - 39: 16) Counsel also indicated, at that conference, that "we basically gave them this person's entire life history of medical releases, literally every single provider that we could even see anywhere in the records." (Exhibit A, at pp. 65:1 - 66:11) The Court, thereafter, ordered that plaintiff was "to be examined by defendants' expert by June 29th" and that defendants' expert report was due July 20th. (Exhibit A, at p. 67:13 - 22) The Court also noted that no other discovery was to be produced outside of what was contemplated prior to the original March 19, 2018 date for the close of discovery. (Exhibit A, at p. 64:6 - 25)

The parties then engaged in informal settlement discussions, during which plaintiff's counsel represented that plaintiff was exhibiting new symptoms and was seeking additional treatment. Plaintiff indicated that he anticipated undergoing treatment but did not provide any subsequent information or documentation regarding that treatment. Defendants followed up with plaintiff regarding that treatment on several occasions, but were informed that plaintiff had not yet received any treatment.

On June 12, 2018, Your Honor extended fact discovery until July 27, 2018 and set an August 3, 2018 deadline for defendants' expert disclosures so that the parties could engage in settlement discussions. Thereafter, at a July 10, 2018 telephone conference held off the record, Your Honor indicated, in sum and substance, that plaintiff would be precluded from producing additional expert disclosures after plaintiff stated that he was seeking further medical treatment.

On July 18, 2018, defendants took plaintiff's deposition. During the deposition, plaintiff indicated that he suffered head injuries, including a concussion, and psychological

injuries that were far more severe than guardian-variety. Plaintiff did state, however, that he did not lose consciousness. Plaintiff also testified that he received treatment at Dynasty Medical Care and from Dr. Mehrdad Golzad. Prior to hearing that testimony, defendants were unaware that plaintiff was claiming any such injuries and defendants were never previously informed that plaintiff sought treatment from those medical providers.

Eight days later, at 8:48 p.m. on July 26, 2018 - quite literally the eve of the close of discovery - plaintiff emailed defendants "Plaintiff's Rule 26(e) Supplemental Disclosures." Plaintiff, for the first time, enumerated the following injuries: "Traumatic brain injury/ Loss of consciousness/ altered mental state/ post concussive syndrome; Post-Traumatic Stress Disorder; Cephalgia; Depression; Anxiety; Need for future neurological care; Need for cognitive therapy; Need for psychiatric treatment; and Costs of future treatment to be established at the time of trial." Additionally, plaintiff provided HIPAA authorizations for records maintained by Dynasty Medical Care and from Dr. Mehrdad Golzad and for records maintained by Dr. Mark McMahon and Comprehensive Spine and Pain Center of New York. Defendants were previously unaware that plaintiff had received any treatment whatsoever from Dr. Mark McMahon and Comprehensive Spine and Pain Center of New York. Plaintiff also provided "treatment records of Dr. Golzad," which do not set forth any treatment he provided. Instead, those records consist of a two page report reflecting, among other things, that plaintiff had been diagnosed with post-concussion syndrome arising out of the incident complained of, and stating that a CT was taken at Elmhurst Hospital which was "reportedly unremarkable." That record further indicates that Dr. Golzad saw plaintiff on July 10, 2018, the same day on which the parties and Your Honor conferred via telephone and eight days before plaintiff's deposition. Nevertheless, plaintiff failed to notify defendants that he was seeing Dr. Golzad or otherwise provide any information prior to the deposition regarding plaintiff's newly alleged injuries.

In light of plaintiff's last minute disclosure and lack of candor, defendants were denied the opportunity to adequately investigate plaintiff's claims and question plaintiff at a deposition as to the extent of his newly claimed injuries. Moreover, defendants lack a complete accounting of plaintiff's medical records and specifically lack records pertaining to any of plaintiff's newly purported brain and psychological injuries. As such, defendants were deprived of the information necessary to determine whether to obtain an expert and submit an expert report prior to the August 3, 2018 expert disclosure deadline.

Defendants do not affirmatively seek sanctions at this time, but may move for sanctions after they have an opportunity to review plaintiff's medical records and re-open his deposition. A review of the dates and extent of plaintiff's treatment, in conjunction with additional deposition testimony, would better inform defendants as to the extent of any prejudice they suffered as a result of plaintiff's actions.

Accordingly, defendants respectfully write to request: (1) a 45-day extension of discovery to permit defendants to process those releases, review the corresponding medical records, and re-open plaintiff's deposition; and (2) a corresponding extension of the expert discovery deadlines. In the alternative, defendants request that plaintiff be precluded from referencing any non-garden-variety purported psychological or cognitive issues, and any corresponding treatment, during the pendency of this litigation.

        Thank you for your consideration herein.

                              Respectfully submitted,
                                  /s/
                              Zachary Russell Bergman
                              *Assistant Corporation Counsel*

cc       Gabriel Harvis, Esq. (By ECF)
         Baree N. Fett, Esq.
         *Attorneys for Plaintiff*