Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X
                                  :
HEINS RODRIGUEZ,                  :
                                  :   16-CV-5861 (NG)(RER)
            Plaintiff,            :
                                  :   April 24, 2018
                                  :
        V.                        :   Brooklyn, New York
                                  :
CITY OF NEW YORK, et al.,         :
                                  :
            Defendant.            :
---------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR MOTION CONFERENCE
BEFORE THE HONORABLE RAMON E. REYES, JR
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          GABRIEL HARVIS, ESQ.
                            BAREE FETT, ESQ.


For the Defendant:          ZACHARY BERGMAN, ESQ.
                            ARTHUR LARKIN, ESQ.

Audio Operator:


Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            (845) 260-1377


Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1  open, these redactions were because this was this
2  category.  We had none of that information to
3  meaningfully challenge it, and that's why we asked for
4  in camera review.  But under King v. Condi, your Honor
5  is only obligated to do in camera review if they can
6  justify with good cause the redactions that they've
7  made.  So we think that there really shouldn't be any
8  redactions here.
9         MR. BERGMAN:  Your Honor, in the privilege
10 log, it indicated that documents were being withheld
11 because there were open or pending allegations.
12        MR. HARVIS:  It doesn't tell us which ones
13 or how many or that there were any specific redactions
14 made because of that or which page it was on.
15        MR. BERGMAN:  It does.
16        MR. HARVIS:  Which pages?
17        MR. BERGMAN:  It gives page (ui) anyway.
18 For example, on defendant's Exhibits 722 to 725, it
19 indicates --
20        THE COURT:  I want to go back to his
21 injuries.  So he allegedly has a herniated disk or a
22 bulging disk.
23        MR. HARVIS:  A bulging disk, that's right,
24 at the time -- we see the injury on the tape but then
25 they admit that he has -- scrapes off his arm.  They're

taking photographs of his face and his wrist that we haven't seen, so it's hard for us to say exactly the extent of those injuries or what they will show.

THE COURT: Well, he knows what his injuries are. He doesn't need someone to show him pictures to know. He can tell you what happened.

MR. HARVIS: Well, he was in extreme pain. The contemporaneous hospital records --

THE COURT: Yeah, but the pain goes away eventually. Come on, how could he not know what his injuries are? A plaintiff has to know what their injuries are.

MR. HARVIS: We have an expert report that says what they are and that they're, with a reasonable degree of medical certainty, causally related to this incident, that they're permanent.

THE COURT: So how does -- wait, if you haven't seen pictures, how does the expert know about the scrapes and all that? The scrapes aren't permanent, right?

MR. HARVIS: Nothing but the bulging disk is alleged to be permanent, and that's not photographable.

THE COURT: So you've got a bulging disk.

MS. FETT: Your Honor, there's also a wrist injury.

```
 1  say, give us X, Y and Z, we're lucky if it's thirty
 2  days.
 3          MR. BERGMAN:  If your Honor would be
 4  inclined to provide more time, then we would certainly
 5  take that time.
 6          THE COURT:  45 days.  Then you take your
 7  depositions.  You've got four defendants or three
 8  defendants, a driver, and the plaintiff, and that's it.
 9          MR. BERGMAN:  That's it.
10          THE COURT:  You can get those done in a
11  couple of weeks.
12          MR. HARVIS:  I just want to be clear, that's
13  it for everybody.  There are no other depositions in
14  the case, correct?  They can't tell us they want to
15  depose other people now.
16          THE COURT:  That's all that was either asked
17  for prior to the close of discovery on March 19th or --
18  asked for and agreed to or -- I don't know how to
19  characterize the driver.
20          MR. HARVIS:  Late disclosure.
21          THE COURT:  Late disclosure.
22          MR. HARVIS:  I just wanted to clarify that
23  it was a bilateral ruling and it wasn't just that
24  plaintiff --
25          THE COURT:  Yeah.
```

```
 1              MR. BERGMAN:  If I may, I did recently
 2   become aware of a series of releases that we need to
 3   send plaintiff for medical documents.  Will we be
 4   permitted to request those documents under the
 5   discovery schedule?
 6              MR. HARVIS:  May I be heard on that, your
 7   Honor?
 8              THE COURT:  Not yet.  What releases?
 9              MR. BERGMAN:  Your Honor, I believe we need
10   releases for medical imaging documents, with respect to
11   insurance companies, release to access MRI films
12   reviewed by Stanley Friedman, and then an OCA release
13   for no-fault records from Countrywide Insurance.
14              THE COURT:  OCA release did you say?
15              MR. BERGMAN:  I believe I just said a
16   release, your Honor.
17              THE COURT:  Oh.
18              MR. BERGMAN:  And for an individual named Ju
19   Lin (ph), who -- I'm not entirely sure what the nature
20   of his practice is but I was informed that we do need
21   access to I believe medical records.
22              MR. HARVIS:  Your Honor, we basically gave
23   them this person's entire life history of medical
24   releases, literally every single provider that we could
25   even see anywhere in the records, which I'm pretty sure
```

includes these people, going back like fifteen years. We've been beyond exhaustive. If those people were left off, they will get them. We don't have any objection. We want them to have the records. I just want to say I'm pretty sure they already have them. This is the first we're hearing about it, except for an email on Friday.

        THE COURT: So you think they already have the releases.

        MR. HARVIS: I know we sent them every single thing, dozens of them.

        THE COURT: And you don't have the releases. You're saying you don't. You looked at the records.

        MR. BERGMAN: I have to apologize. I'm not entirely sure. I was informed that we don't but I myself have not done a search.

        THE COURT: Confirm that you do or you don't. If you don't, have your client execute the releases and get them within the next ten days.

        MR. HARVIS: No problem. Can it be ten days after they tell us whether they have them or not?

        THE COURT: How soon can you tell them, end of the week?

        MR. BERGMAN: Yes, your Honor.

        MR. HARVIS: That's fair.

```
 1              THE COURT:  So 45 days is -- I'll put
 2  documents to be produced by June 15th.  You'll have --
 3  I'll give you a little more time, until July 13th to
 4  complete the depositions, including any experts.  If
 5  you get the releases -- I'll give you until May 9th.
 6              MR. HARVIS:  Thank you, your Honor.
 7              THE COURT:  If you get those, hopefully
 8  thirty days, June 9th, let's give you until June 15th.
 9  You're going to want to get those records to your
10  expert before he examines Mr. Rodriguez?
11              MR. BERGMAN:  I imagine so, your Honor, but
12  I also don't have the records.
13              THE COURT:  Plaintiff to be examined by
14  defendants' expert by June 29th and the expert report --
15  when did I say discovery would close?
16              MR. HARVIS:  The 13th, your Honor, I believe.
17              MS. FETT:  May 18th, I believe.
18              MR. HARVIS:  Now it's July 13th, I believe.
19              THE COURT:  Fact discovery is to close July
20  13th.  Defendants' expert report July 20th and I'll give
21  you two weeks, until August 3rd, to do the expert
22  depositions.
23              MR. HARVIS:  Both Ms. Fett and I are going
24  to be out of town in that latter part of July, your
25  Honor.  I'm just thinking ahead as a practical matter.
```

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*[signature]*

ELIZABETH BARRON                    May 23, 2018