

**THE CITY OF NEW YORK**

ZACHARY W. CARTER
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KEVIN J. KELLY
Senior Counsel
Phone: (212) 356-2372
Fax: (212) 356-3508
kkelly@law.nyc.gov

August 30, 2018

**BY ECF**
Honorable Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Rodriguez v. City of New York, et al., 16 CV 5861 (NG) (RER)

Your Honor:

We are attorneys in the Office of Zachary W. Carter, Corporation Counsel of the City of New York and represent the defendants in the above-captioned case. Defendants respectfully write to request (1) clarification regarding the Court's April 24, 2018 order as to whether plaintiff is permitted to seek discovery materials that were not specifically demanded prior to the initial close of discovery date of March 19, 2018; and (2) if plaintiff is so permitted, for an opportunity for defendants to object and/or otherwise respond to plaintiff's April 4 and April 5, 2018 demands for discovery.

As Your Honor is aware, on March 22, 2018, the Court held a telephone conference at which the close of discovery in this case was extended from March 19, 2018 to May 18, 2018. See Docket No. 27. At that conference, plaintiff's counsel represented that the parties were "close" to being done with discovery, there was "not that much left" to be done, and that the instant litigation is "not a complex case." See Docket Entry No. 34 at 2:12- 3:13, 7:12-16.

Thereafter, on or about April 4 and April 5, 2018, plaintiff served defendants with a Notice of Inspection and a Second Request for Production of Documents, respectively. See Exhibit A. The Notice of Inspection demanded an inspection of the black Ford Fusion assigned to the defendant police officers on the date of the subject incident. See id. The Second Request for Production of Documents requested (1) all documents reflecting the NYPD personnel to whom the vehicle was assigned; (2) the memo book entries of any officer concerning the condition of the vehicle from August 1, 2015 through August 14, 2015; and (3) all

documentation regarding damage reported or repairs made to the vehicle while the vehicle was in use by the 110th Precinct, without date limitation.  See id.  The demands did not appear to be related to any recent disclosures from defendants.

Subsequently, on April 11, 2018, plaintiff moved to compel defendants to produce various outstanding discovery items related to prior discovery requests (see Docket No. 32), and on April 24, 2018, the Court held a conference regarding plaintiff's motion to compel (see Docket No. 38).  At the conference, the Court granted a 45-day extension of discovery to allow for defendants to produce specific items raised by plaintiff's motion to compel, and to conduct depositions.  See id.  Plaintiff's counsel made no mention of plaintiff's April 4 and April 5 demands.

At the April 24, 2018 conference, the Court ruled and the parties engaged in the following colloquy:

> THE COURT: 45 days [to produce the Court-ordered document discovery].  Then you take your depositions.  You've got four defendants or three defendants, a driver, and the plaintiff, and that's it.
>
> MR. BERGMAN: That's it.
>
> THE COURT: You can get those done in a couple of weeks.
>
> MR. HARVIS: I just want to be clear, that's it for everybody.  There are no other depositions in the case, correct?  They can't tell us they want to depose other people now.
>
> THE COURT: That's all that was either asked for prior to the close of discovery on March 19th or – asked for and agreed to or – I don't know how to characterize the driver.
>
> MR. HARVIS: Late disclosure.
>
> THE COURT: Late disclosure.

See id. at 64:6 – 64:21.

Thereafter, on July 23, 2018, plaintiff's counsel emailed defendants' counsel and noted that plaintiff had not received a response to plaintiff's April 4 and April 5, 2018 demands.  See emails, annexed hereto as Exhibit B.  In response, defendants' counsel directed plaintiff to portions of the transcript of the April 24, 2018 Court conference and indicated that plaintiff was only entitled to what was demanded prior to the initial close of discovery deadline, March 19, 2018.  Plaintiff's counsel objected to defendants' characterization of the referenced colloquy and stated that he would be raising this issue with the Court the following day.

Two weeks later, on August 8, 2018, the Court held a conference in response to several letters by the parties. See Docket No. 48. Plaintiff's counsel made no mention of plaintiff's April 4 or April 5, 2018 demands either in his letter motion (see Docket No. 45) or at the conference (see Docket No. 48). The Court granted an extension of discovery in order for defendants to obtain medical records and to re-depose the plaintiff regarding the injuries itemized in plaintiff's supplemental disclosures, and to allow plaintiff to depose a non-party witness. At the end of the August 8 conference, the Court asked if there was anything else from either party and plaintiff answered in the negative.[1]

Almost three weeks after that conference, on August 27, 2018, plaintiff's counsel emailed defendants' counsel and inquired as to whether defendants would be responding to plaintiff's April 4 and April 5, 2018 demands. See email, annexed hereto as Exhibit C. The parties conferred by telephone on August 30, 2018, and defendants repeated their position that plaintiff was only entitled to what was demanded prior to the initial close of discovery deadline, March 19, 2018, and therefore defendants were not obligated to respond. Given the history of the litigation in this case, and that plaintiff's counsel has raised the issue of sanctions against defendants if they do not respond to plaintiff's April 4 and April 5 demands, defendants believe that it is necessary to seek a formal ruling to clarify the parties' understanding of Your Honor's ruling.

Accordingly, defendants respectfully request: (1) clarification regarding the Court's April 24, 2018 order, specifically as to whether plaintiff is permitted to seek discovery materials that were not specifically demanded prior to the earlier close of discovery date of March 19, 2018; and (2) if plaintiff is so permitted, for an opportunity for defendants to object and/or otherwise respond to plaintiff's April 4 and April 5, 2018 demands for discovery.

Thank you for your consideration herein.

Respectfully submitted,

/s/
KEVIN J. KELLY
*Senior Counsel*

/s/
JOSEPH A. GUTMANN
*Assistant Corporation Counsel*

cc   Gabriel Harvis, Esq. (By ECF)
     Baree N. Fett, Esq.
     *Attorneys for Plaintiff*

---

[1] At the close of the August 8 conference, the Court also instructed plaintiff to issue a settlement demand to defendants. Upon information and belief, defendants have not received a demand from plaintiff.