ELEFTERAKIS ELEFTERAKIS & PANEK

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
JORDAN JODRÉ*
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT

KRISTEN PERRY – CONIGLIARO
NICOLE BRENECKI
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
STEPHEN KAHN
EVAN M. LA PENNA
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND

*Also Admitted In New Jersey

February 26, 2019

**BY ECF**
Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Rodriguez v City of New York, et al.*, 16 CV 5861 (NG) (RER)

Your Honor:

I represent plaintiff Heins Rodriguez in the above-referenced action. I write pursuant to § 3(A) of the Court's Individual Practices and the order dated January 8, 2019 to respectfully request a pre-motion conference concerning plaintiff's contemplated motion for partial summary judgment. If it should please the Court, plaintiff seeks summary judgment on his negligence, assault, excessive force and fair trial claims.

<u>Background and Argument Summary</u>

On the afternoon of August 13, 2015, Mr. Rodriguez was riding his bicycle westbound on 43rd Avenue in Corona, Queens. Plaintiff, then 23 years old and on his way to meet his mother for a trip into Manhattan, was traveling on the roadway and obeying all traffic laws, including the applicable speed limit.

As captured by multiple surveillance cameras, an unmarked police car driven by defendant Zheng boxed plaintiff in from the left, which – either through actual contact or undue proximity – caused plaintiff to be ejected from his bicycle and sent careening toward the pavement without a helmet, resulting in serious and permanent injuries.[1]

Such tactics are tantamount to deadly force and explicitly prohibited under all

---

[1] The video footage is accessible at: https://vimeo.com/264146619/6e5f39fbed.

Hon. Nina Gershon
Feb. 26, 2019

circumstances. NYPD Patrol Guide § 221-15 ("*The following tactics are prohibited and <u>will not be</u> used in an attempt to stop a vehicle…(c) Driving alongside the pursued vehicle…*") (emphasis in original); *see* V.T.L. §§ 1122-a ("The operator of a vehicle overtaking, from behind, a bicycle proceeding on the same side of a roadway shall pass to the left of such bicycle at a safe distance until safely clear thereof."), 1146(a) ("[E]very driver of a vehicle shall exercise due care to avoid colliding with any bicyclist…") and (2) ("If such driver of a motor vehicle causes physical injury while failing to exercise due care in violation of subdivision (a) of this section, then there shall be a rebuttable presumption that, as a result of such failure to exercise due care, such person operated the motor vehicle in a manner that caused such physical injury."); *Dershowitz v. United States*, 12 CV 8634 (SN), 2015 WL 1573321, *24 (S.D.N.Y. Apr. 8, 2015) (reviewing video evidence in bicycle collision case, finding defendants "100% liable" and noting: "A violation of a standard of care imposed by the VTL constitutes negligence *per se*. If one party establishes *prima facie* a violation of the traffic law, the burden shifts to the other party to produce evidence showing that there was no violation or offering a sufficiently reasonable explanation or excuse for the violation.") (collecting cases) (citations omitted).[2]

Upon hitting the pavement, plaintiff can be observed bouncing up reflexively; in a daze, he removes headphones from his ears and is promptly handcuffed and arrested, offering no resistance. No ambulance was called to the scene.[3] In official reports and sworn statements, the officers omit any mention of their involvement in the crash and offer

---

[2] Unbeknownst to plaintiff, defendants Zheng and Chen were pursuing him in order to summons him for two alleged traffic violations: running a red light and biking against traffic. However, there was no traffic light at the subject intersection and neither officer saw plaintiff ride the wrong way, vitiating any probable cause that might have existed. In any event, especially given the low-level nature of the purported violations, the officers' use of force in the apprehension was excessive as a matter of law. *Rasanen v. Doe*, 723 F.3d 325, 334 (2d Cir. 2013) ("[T]he use of force highly likely to have deadly effects is unreasonable unless the officer had probable cause to believe that the suspect posed a significant threat of death or serious physical injury to the officer or to others.") (citation omitted); *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000) ("The force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer."); *see, e.g., Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 491 n.9 (N.D.N.Y. 2017) ("If anything, state law assault and battery claims are more plaintiff friendly, because under New York law if an arrest is determined to be unlawful, any use of force against a plaintiff may constitute an assault and battery, regardless of whether the force would be deemed reasonable if applied during a lawful arrest.") (citations, quotation marks and brackets omitted).

[3] Plaintiff, who remains symptomatic to date over three years later, has been diagnosed with multiple traumatic injuries as a result of the crash, including, *inter alia*, traumatic brain injury, L5-S1 disc bulge, right L5-S1 radiculopathy, cervical radiculopathy and traumatic myofascial pain syndrome.

Hon. Nina Gershon
Feb. 26, 2019

prosecutors a series of provably false statements.

In support of the arrest charges, defendant Zheng told prosecutors (and swore in affidavits) that Mr. Rodriguez had run a red light, engaged in disorderly conduct and resisted arrest. But these statements are each controverted by the record. First, as mentioned *supra* at n.2, there was no traffic light facing southbound at the intersection of 104th Street and 43rd Avenue, so defendant Zheng could not have observed Mr. Rodriguez run a red light as claimed (defendants, conceding that this allegation was false, later withdrew it from the criminal complaint). Second, the video disproves defendant Zheng's sworn contention that Mr. Rodriguez was disorderly by causing "a traffic jam." Third, the video similarly refutes defendant Zheng's sworn allegation that plaintiff resisted arrest by "flailing his arms," "holding his arms against his body," "struggling" and "refusing to be handcuffed." *See Shepherd v. Mayer*, 13 CV 6142 (NG) (PK), 2018 WL 679456, *4 (E.D.N.Y. Jan. 31, 2018) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.") (quoting *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997)) (quotation marks omitted); *Bryant v. Serebrenik*, 15 CV 3762 (ARR) (CLP), 2016 WL 6426372, *7 (E.D.N.Y. Oct. 28, 2016) ("I therefore follow *Garnett*, and the majority of district courts in this circuit, in allowing fair trial claims to proceed based on allegedly false information in a criminal complaint.").[4]

Accordingly, plaintiff respectfully requests a pre-motion conference.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:   All Counsel

---

[4] Indeed, in the underlying criminal proceeding, defendant Zheng and his partner, defendant Chen, went so far as to exchange text messages, obtained through discovery, in an apparent effort to coordinate their hearing testimony. The messages were exchanged while Zheng was under oath (during an adjournment of the proceedings) and shortly after the hearing judge had specifically admonished him: "Don't speak to your partner."