## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HEINS RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | )     **16 CV 5861 (NG) (RER)** |
| | ) |
| v. | ) |
| | ) |
| CITY OF NEW YORK, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

August 14, 2019

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... i

ARGUMENT ..............................................................................................................................1

    I.     Zheng acted with requisite intent ............................................................1

    II.    Plaintiff has established negligence ........................................................1

    III.   Plaintiff prevails on his fair trial claims ...............................................5

CONCLUSION ............................................................................................................................6

# TABLE OF AUTHORITIES

## CASES

*Benn v. New York Presbyt. Hosp.*, 120 A.D.3d 453 (2d Dep't 2014)............................................ 4

*Kabir v. Cty. of Monroe*, 16 N.Y.3d 217 (2011).......................................................................... 3

*Marino v. Chester Union Free Sch. Dist.*, 859 F. Supp. 2d 566 (S.D.N.Y. 2012) ....................... 2

*Martin v. City of New York*, 11 CV 4507 (SLT) (JO), 2013 WL 4899290  (E.D.N.Y. Sept. 11, 2013) ......................................................................................................................................... 5

*Powell v. City of Mount Vernon*, 228 A.D.2d 572 (1996) ............................................................ 5

*Springs v. Clement*, 202 F.R.D. 387 (E.D.N.Y. 2001).................................................................. 2

*Starkman v. City of Long Beach*, 106 A.D.3d 1076 (2d Dep't 2013)........................................... 4

*Story v. Howes*, 41 A.D.2d 925 (1ˢᵗ Dep't 1973)......................................................................... 4

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)..................................................................... 2

## RULES

Patrol Guide § 212-39 ................................................................................................................... 4

## STATUTES

34 RCNY § 4-02 ........................................................................................................................... 4

VTL § 1103(a) ............................................................................................................................... 3

VTL § 1104..................................................................................................................................... 3

VTL § 1104(b) .......................................................................................................................... 3, 4, 5

VTL § 1104(e) ............................................................................................................................ 3, 4

VTL § 1111..................................................................................................................................... 4

VTL § 1112..................................................................................................................................... 4

<u>ARGUMENT</u>

## I. Zheng acted with requisite intent.

If it should please the Court, defendants present an identical argument regarding Zheng's purported lack of intent in both their affirmative motion for partial summary judgment and opposition to plaintiff's motion. *Compare* Defendants' Memorandum in Opposition dated July 10, 2019 ("Def. Opp. Mem.") at Point I (pp. 5-9) *with* Defendants' Memorandum in Support dated July 10, 2019 ("Def. Mem.") at Point I(A) (pp. 4-8). For the sake of efficiency and the Court's convenience, plaintiff respectfully refers the Court to Point I of his opposition brief dated August 14, 2019 ("Pl. Opp. Mem.") (pp. 1-5) setting forth his arguments on this issue. As explained therein, defendants' arguments fail, and the record amply demonstrates intent.

## II. Plaintiff has established negligence.

Conceding the lack of any viable merits defense to plaintiff's negligence claim, defendants sophistically challenge notice, representing to this Honorable Court that plaintiff's negligence claim is being "raised for the first time at the summary judgment stage." Def. Opp. Mem. at p. 10. However, review of the operative notice of claim, amended complaint and proposed joint pre-trial order – each of which explicitly assert a negligence cause of action and none of which was ever disputed by 12(b)(6) motion or otherwise – puts this argument to rest. *See* Notice of Claim time-stamped October 27, 2015 (75 days after the August 13, 2015 incident), annexed to the Declaration of Gabriel P. Harvis dated August 14, 2019 ("Harvis Reply Decl.") as Exhibit 38 ("The claim is for personal, physical and emotional injuries sustained by claimant as a result of…negligence…by members of the New York City Police Department."); First Amended Complaint dated July 6, 2017 (filed at DE #18) annexed to the Harvis Reply Decl. as Exhibit 39, Third Claim (asserting "negligence"); Proposed Joint Pre-Trial Order filed at DE #61 on April 5, 2019, annexed to the Harvis Reply Decl. as Exhibit 40, p. 2 (listing among plaintiff's claims: "Negligence" under

"Common Law" against "Zheng, Chen (NYC by *respondeat superior*)"); *Marino v. Chester Union Free Sch. Dist.*, 859 F. Supp. 2d 566, 571 (S.D.N.Y. 2012):

> The test of the sufficiency of a notice of claim is whether it includes enough information to enable the municipality to investigate the claim adequately. Courts have emphasized the nature of the claim and the theory of liability, rather than the specifically enumerated cause of action, in evaluating the sufficiency of a notice of claim. Indeed, a theory of liability related to or implied by what is clearly stated in the notice of claim may constitute sufficient mentioning such that it should be permitted to proceed.

(citations and internal quotation marks omitted) (collecting cases).

Any notion that defendants genuinely lacked notice of plaintiff's negligence claim is further belied by their pre-motion conference letters, which squarely address the instant negligence claim both affirmatively and in opposition yet make no mention of any purported lack of notice. *See* Defendants' Pre-Motion Conference Letters dated February 26, 2019 (filed at DE #56) and March 4, 2019 (filed at DE #58), annexed to the Harvis Reply Decl. as Exhibit 41. Plaintiff respectfully submits that the reason for this omission is self-evident: the parties have been litigating negligence as a core claim in this case from the outset. Indeed, on this record, there can be no question that plaintiff properly presents a claim for negligence. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002) ("Rule 8([e]) provides that all pleadings shall be so construed as to do substantial justice.") (brackets, quotation marks and citations omitted); *Springs v. Clement*, 202 F.R.D. 387, 394 (E.D.N.Y. 2001) ("The Second Circuit strongly prefers dispute determination on the merits and directs district courts to resolve any doubts…in favor of a trial on the merits.") (citations omitted) (collecting cases).

Turning to the merits of the negligence claim, defendants' position weakens further. They falsely characterize plaintiff's affirmative argument as "disingenuous at best," representing to this

Honorable Court that the authorized emergency exception contained in VTL § 1103(a) "clearly applies to the facts of this case" when, in truth, the exact opposite is true. Def. Opp. Mem. at p. 11.

Conspicuously absent from any treatment in defendants' opposition is the controlling 2011 opinion of the New York State Court of Appeals in *Kabir v. Cty. of Monroe*. This is fatal:

> On this appeal, we hold that the reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the *specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence.*

16 N.Y.3d 217, 220 (2011) (emphasis added). VTL § 1104 states, in pertinent part:

> (a) The driver of an authorized emergency vehicle, when involved in an emergency operation, may exercise the privileges set forth in this section, but subject to the conditions herein stated.

> (b) The driver of an authorized emergency vehicle may:
>
> 1. Stop, stand or park irrespective of the provisions of this title;
> 2. Proceed past a steady red signal, a flashing red signal or a stop sign, but only after slowing down as may be necessary for safe operation;
> 3. Exceed the maximum speed limits so long as he does not endanger life or property;
> 4. Disregard regulations governing directions of movement or turning in specified directions.
>
> …

> (e) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.

Here, none of the 1104(b) exemptions are implicated as Zheng was not, for example, going the wrong way or running a red light when the collision occurred. Rather, Zheng unsafely overtook a bicyclist and used his police car to force him off the road. In *Benn v. New York Presbyt. Hosp.,* the Appellate Division, Second Department held:

> Failure to abide by the provisions set forth in Vehicle and Traffic Law §§ 1111 and 1112, which was the injury-causing conduct at issue here, is not privileged conduct pursuant to Vehicle and Traffic Law § 1104(b). As the injury-producing conduct was not specifically exempted from the rules of the road by Vehicle and Traffic Law § 1104(b), the principles of ordinary negligence apply.

120 A.D.3d 453 (2d Dep't 2014); *see also*, *e.g.*, *Starkman v. City of Long Beach,* 106 A.D.3d 1076 (2d Dep't 2013) (holding that the officer's "conduct—the failure to see that which was there to be seen—was not conduct specified in Vehicle and Traffic Law § 1104(b) as exempt from the rules of the road," and granting summary judgment in favor of the plaintiff as to liability).[1]

Indeed, under similar circumstances the late Hon. Sandra L. Townes denied defendants' request to even make a motion on this issue:

> With respect to defendants' proposed argument relating to the negligence claim set forth in the thirteenth cause of action, this Court has carefully reviewed the applicable case law and concurs with plaintiff's arguments. The New York Court of Appeals has made clear that "the reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)." *Kabir*, 16 N.Y.3d at 220, 920 N.Y.S.2d 268, 945 NE.2d 461. "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence." *Id. Since there does not appear to be any evidence that the driver of the patrol car in this case was engaged in conduct authorized by Vehicle*

---

[1] Plaintiff respectfully acknowledges that VTL § 114-b applies here. While this may negate the inference of negligence that would ordinarily flow from the demonstrated violation of 34 RCNY § 4-02, it does not change the analytical framework calling for the application of ordinary negligence standards to the conduct here. *Benn,* 120 A.D.3d. Moreover, defendants' assertion at p. 12 of Def. Opp. Mem. that Patrol Guide § 212-39 does not "apply to stops of bicycles" is frivolous, as limitations on the pursuit of automobiles would logically apply with far greater force to vulnerable bicyclists. *Cf. Story v. Howes*, 41 A.D.2d 925, 925 (1ˢᵗ Dep't 1973) ("The mere riding of a bicycle does not mean the assumption of risk by the rider that he may be hit by a car.") (citation omitted).

> *and Traffic Law § 1104(b) at the time of the incident*, defendants'
> arguments (1) that the driver's actions should be evaluated under the
> "reasonable disregard" standard set forth in *Saarinen,* rather than
> under a negligence standard, and (2) that the thirteenth cause of
> action should be dismissed because plaintiff cannot meet the
> heightened "reckless disregard" standard of care appear to lack
> merit.

*Martin v. City of New York*, 11 CV 4507 (SLT) (JO), 2013 WL 4899290, *3 (E.D.N.Y. Sept. 11, 2013) (emphasis added).

Notably, even if the "reckless disregard" standard were applied (which plaintiff respectfully submits would be error), the facts here would satisfy it. *Powell v. City of Mount Vernon*, 228 A.D.2d 572 (1996) (reckless disregard standard requires only "evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow") (internal quotation marks and citations omitted).

Accordingly, to the extent the Court declines to grant plaintiff summary judgment on his excessive force and assault claims, judgment should enter on his claim of negligence.

## III. Plaintiff prevails on his fair trial claims.

As with their excessive force and assault arguments (discussed *supra* at Point I), defendants' opposition brief repeats, largely verbatim, the fair trial arguments contained in their affirmative motion for summary judgment. *Compare* Def. Mem. at Point V (pp. 14-15) *with* Def. Opp. Mem. at Point III (pp. 12-14). Plaintiff fully addressed these arguments in his opposition brief and, in the interest of judicial economy, respectfully refers the Court to those papers. *See* Pl. Opp. Mem. at Point V (pp. 8-10). As explained therein, plaintiff respectfully submits that he is entitled to summary judgment on his fair trial claims.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff respectfully requests that this Honorable Court grant partial summary judgment and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 14, 2019

                              ELEFTERAKIS, ELEFTERAKIS & PANEK

                              _____

                              Gabriel P. Harvis
                              Baree N. Fett
                              80 Pine Street, 38th Floor
                              New York, New York 10005
                              (212) 532-1116
                              gharvis@eeplaw.com

                              *Attorneys for plaintiff*

To:    Defense Counsel