UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

HEINS RODRIGUEZ,

                          Plaintiff,

          -against-

CITY OF NEW YORK; Police Officer ZHENG ZUOPENG, Shield No. 25461; Police Officer ALEN CHEN, Shield No. 28461,

                         Defendants.
------------------------------------------------------------------------x

**JOINT PRE-TRIAL ORDER**

16 CV 5861 (NG) (RER)

i. <u>The full caption of the action.</u>

    The full caption of the action (reflecting plaintiff's voluntary dismissal of defendant Starrantino and the John and Jane Doe defendants) appears above.

ii. <u>Names, addresses (including firm names), and telephone and fax numbers of trial counsel.</u>

| **For Plaintiff** | **For Defendants** |
|---|---|
| Gabriel P. Harvis<br>Baree N. Fett<br>[Trial counsel to be designated]<br>Elefterakis, Elefterakis & Panek<br>80 Pine Street, 38th Floor<br>New York, New York 10005<br>Tel: (212) 532-1116<br>Fax: (212) 532-1176 | Rachel Seligman Weiss<br>New York City Law Department<br>100 Church St.<br>New York, New York 10007<br>Tel: (212) 356-2372<br>Fax: (212) 356-3509 |

iii. <u>Brief statement by plaintiff as to subject matter jurisdiction, and opposing party's response.</u>

    **Plaintiff's statement:** The jurisdiction of this Court over plaintiff's federal claims is predicated upon 28 U.S.C. §§ 1331 and 1343. Jurisdiction over plaintiff's pendant state law claims is conferred by 28 U.S.C. § 1367(a).

    **Defendants' response:** Defendants do not dispute the jurisdiction of this Court.

iv. <u>Brief summary of claims to be tried.</u>

    **Plaintiff asserts the following claims:**

| Claim | Statute | Defendant(s) |
|---|---|---|
| Excessive Force | 42 U.S.C. § 1983 | Zheng, Chen |
| Assault & Battery | Common Law | Zheng, Chen (NYC by *respondeat superior*) |
| Negligence | Common Law | Zheng, Chen (NYC by *respondeat superior*) |
| Negligent Infliction of Emotional Distress | | Zheng (NYC by *respondeat superior*) |
| Denial of fair trial | 42 U.S.C. § 1983 | Zheng |
| Failure to intervene | 42 U.S.C. § 1983 | Chen |

Plaintiff previously asserted, but subsequently withdrew, claims against Matthew Starrantino and the John and Jane Doe defendants. Plaintiff also withdrew his failure to intervene claim against defendant Chen at a conference on April 13, 2022. The withdrawn claims will not be tried. The Court also dismissed plaintiff's claim for negligent hiring, training and retention in its decision resolving the parties' summary judgment motions. DE #90.

**Defendants assert the following defenses:**

1. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

2. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants Zheng or Chen.

3. At all times relevant to the acts alleged in the First Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City is entitled to governmental immunity from liability.

4. Defendants Zheng and Chen have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore they are protected by qualified immunity.

5. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

6. Punitive damages cannot be assessed against the City of New York.

**Defendants no longer assert the following defenses:**

1. There was probable cause for plaintiff's detention, arrest, and prosecution.

2. Defendant Starrantino had no personal involvement in the incidents alleged in the First Amended Complaint.

    3.   To the extent that plaintiff asserts state law claims, such claims may be barred, in whole or in parts, by his failure to comply with New York General Municipal Law §§ 50(e), *et seq.*

    4.   Plaintiff may have failed to comply with conditions precedent to suit.

v.   <u>Categories and amounts of damages claimed or other relief sought.</u>

Plaintiff seeks compensatory damages in the amount of $8,000,000 for past and future pain and suffering and loss of enjoyment of life; punitive damages in the amount of $8,000,000; cost of future medical treatment as testified by plaintiff's physician witnesses; and attorney fees and costs pursuant to 42 U.S.C. § 1988 in an amount to be determined by the Court.

vi.   <u>Statement as to jury trial and number of trial days.</u>

This case is to be tried before a jury and is expected to take 4-5 trial days.

vii.   <u>Statement as to consent to trial before magistrate.</u>

The parties do not consent to trial before a Magistrate Judge.

viii.   <u>Stipulations of fact or law agreed to by all parties.</u>

None.

ix.   <u>List of names and addresses of trial witness.</u>
      **Plaintiff's witnesses:**

| Name | Address | Brief narrative of testimony |
|---|---|---|
| Heins Rodriguez | 108-44 49th Ave. #2A Corona, NY 11368 | Circumstances of arrest and prosecution; damages |
| Zuopeng Zheng | 1 Police Plaza, NY, NY 10038 | Circumstances of arrest and prosecution |
| Alan Chen | 1 Police Plaza, NY, NY 10038 | Circumstances of arrest and prosecution |
| Matthew Starrantino | 1 Police Plaza, NY, NY 10038 | Circumstances of arrest and prosecution |
| Captain Ralph Forgione | 1 Police Plaza, NY, NY 10038 | Custodial interrogation of plaintiff regarding disputed events |
| Ltnt. William Thaens | 1 Police Plaza, NY, NY 10038 | Investigation of the disputed events |

| | | |
|---|---|---|
| Sgt. Anthony Coppolla | 1 Police Plaza, NY, NY 10038 | Investigation of the disputed events |
| Andre Watson, Esq. | 120 Schermerhorn Street, Brooklyn, NY 11201 | Prosecution of plaintiff |
| Robert Hanophy, Esq. | 350 Jay Street, Brooklyn, NY 11201 | Prosecution of plaintiff; discussions with defendants |
| ADA Eric D. Mouchette | 350 Jay Street, Brooklyn, NY 11201 | Prosecution of plaintiff; discussions with defendants |
| Ali Guy, M.D. | 7 Gramercy Park, Ste. 1A New York, NY 10007 | Causation; injuries; prognosis; medical costs |
| Dr. Mehrdad Golzad | 91-31 Queens Blvd #601 Queens, NY 11373 | Plaintiff's medical treatment; prognosis |
| Dr. Suzanne Plotnik | 100-05 Roosevelt Avenue Corona, NY 11368 | Plaintiff's medical treatment; prognosis |
| Tim Canty, MD | 295 Madison Ave #407, New York, NY 10017 | Plaintiff's medical treatment; prognosis |
| Mark McMahon, MD | 876 Park Ave., New York, New York 10075 | Plaintiff's medical treatment; prognosis |
| Daniel Khaimov, M.D./ Hank Ross, MD (same facility) | 150-31 Union Tpke #1, Flushing, NY 11367 | Plaintiff's medical treatment; prognosis |
| Joel King, M.D. | 222 Middle Country Rd #310, Smithtown, NY 11787 | Plaintiff's medical treatment; prognosis |
| Jasmine Hernandez, EMT | 9 Metrotech Ctr., Brooklyn, NY 1120 | Plaintiff's medical treatment following the incident |
| Nicholas Webb, EMT | 9 Metrotech Ctr., Brooklyn, NY 1120 | Plaintiff's medical treatment following the incident |
| Custodians of records for any contested documentary exhibits[1] | | |

**Defendants' Witnesses[2]**

| Name | Address | Brief narrative of testimony |
|---|---|---|
| Zuopeng Zheng | 1 Police Plaza, NY, NY 10038 | Circumstances of arrest and prosecution |

---

[1] Pursuant to § 4(A)(xi)(2) of the Court's individual practices, plaintiff will work with opposing counsel to resolve before trial all issues of authenticity, chain of custody and related grounds.

[2] Defendants reserve their right to call any of plaintiff's witnesses listed above. Defendants further reserve the right to amend portions of this Order pending the outcome of the Summary Judgment motions currently pending before the Court.

| Alan Chen | 1 Police Plaza, NY, NY 10038 | Circumstances of arrest and prosecution |
| Steven J. Arsht, M.D. | 10 Union Square East, Suite 3M, New York, NY 10003 | Lack of causation |
| Leonardo Flores | 423 57th Street #2D, Brooklyn, NY 11220 | Circumstances of arrest |

 x. <u>Designation of deposition testimony.</u>

  **Plaintiff:**

   1. Deposition of defendant Zheng
   2. Deposition of defendant Chen

  **Defendants:**

Defendants object to Plaintiff's use of the deposition testimony of defendants Zheng and Chen in his case-in-chief. These individuals will be testifying in person, and there is no showing that the proposed deposition testimony is admissible for any reason. In addition, defendants object to plaintiff's use of deposition testimony of any witness not present at trial unless plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

Defendants are not designating any prior sworn testimony for their case-in-chief, but reserve the right to use any prior testimony, in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including, but not limited to, for impeachment purposes.

 xi. <u>Schedule of exhibits.</u>

  **Plaintiff**

| Exhibit | Description | Objection/Response |
|---|---|---|
| 1a | Video file[3] 5adc9a9c9f251104d1703249_1920x1080_v2.mp4 | F.R.E. 402, 403. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |

---

[3] Plaintiff intends to use stills of the video file exhibits for demonstrative purposes at trial.

| 1b | Video file 201507142_20151013_1349_DM.mp4 | F.R.E. 402, 403. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| --- | --- | --- |
| 1c | Video file Camera 23.1.avi | F.R.E. 402, 403, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 1d | Video file 00000000.dat | F.R.E. 402, 403, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 1e | Video file Camera 23.2.dat | F.R.E. 402, 403, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 1f | Video file Camara_9.mov | F.R.E. 402, 403, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |

| | | |
|---|---|---|
| 1g | Video file 201507142_20150915_1534_DM.avi | F.R.E. 402, 403. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 1h | Video file 1439669597090_ch23-2015-08-13-16-33-04.avi | F.R.E. 402, 403, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 1i | Video 201507142_20151013_1350_DM.mp4 | F.R.E. 402 and 403. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 1j | Video 201507142_20150915_1532_DM.mp4 | F.R.E. 402 and 403. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 1k | Video 1439666619969_8-15-20152-55-01pm.mp4 | F.R.E. 402, 403, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |

| 2 | Images<br>IMG_0201.jpg-IMG_0233 | F.R.E. 402 and 403.. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
|---|---|---|
| 3a-d | Audio recordings of plaintiff's statements in custody<br>a) Heins Rodriguez.WMA<br>b) Heins Rodriguez 2.WMA<br>c) 201507142_20150915_1529_DM.wma<br>d) DEF 001000.wav | F.R.E. 402, 403, and 802. |
| 4 | Audio of plaintiff and Investigators on street 201507142_20150915_1530_DM.mp3 | F.R.E. 402, 403, 802 and 901 |
| 5a-b | Sprint audio<br>a) 201507142_20150915_1532_DM.wav<br>b) 201507142_20150915_1531_DM.wav | F.R.E. 402, 403, and 901 |
| 6 | Audio of Cancellino Calling IAB Command Ctr Def 000999.wav | F.R.E. 402 and 403. |
| 7 | Criminal Complaint 1 | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 8 | Criminal Complaint 2 | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 9 | Supporting deposition – resisting arrest | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and |

| | | |
|---|---|---|
| | | introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 10 | Supporting deposition – disorderly conduct | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 11 | Patrol Guide § 212-39 "Vehicle Pursuits" | F.R.E. 402, 403, and 802. |
| 12 | Patrol Guide § 217-01 "Vehicle Accidents – General Procedure" | F.R.E. 402, 403, and 802. |
| 13 | Patrol Guide § 210-04 "Prisoners Requiring Medical/Psychiatric Treatment" | F.R.E. 402, 403, and 802. |
| 14 | Patrol Guide § 208-09 "Rights of Persons Taken Into Custody" | F.R.E. 402, 403, and 802. |
| 15 | VTL §§ 1122, 1146 | F.R.E. 402, 403 |
| 16 | Chen Memo Book | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 17 | Zheng Memo Book | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 18 | Starrantino Memo Book | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a |

| | | |
|---|---|---|
| | | proper witness at an appropriate time and for a relevant purpose. |
| 19 | Plaintiff's CCRB statement | F.R.E. 402, 403, and 802. |
| 20 | Chen CCRB Statement (audio and transcript) | F.R.E. 402, 403, and 802. |
| 21 | Zheng CCRB Statement (audio and transcript) | F.R.E. 402, 403, and 802. |
| 22 | Certificate of disposition | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 23 | Text messages between Zheng and Chen | F.R.E. 402, 403, and 802. |
| 24 | Sprint Report | F.R.E. 402, 403, and 802. |
| 25 | Command Log Entry | F.R.E. 402, 403, and 802. |
| 26 | Scratch copy of online | F.R.E. 402, 403, and 802 |
| 27 | Scratch copy of complaint report | F.R.E. 402, 403, and 802 |
| 28 | Omniform arrest report | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 29 | Omniform complaint report | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 30 | Police Accident Report | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an |

| | | |
|---|---|---|
| | | appropriate time and for a relevant purpose. |
| 31 | Court action sheet | F.R.E. 402, 403, 802 and 901 |
| 32a-g | Hearing transcripts<br>a) 8/14/15<br>b) 12/10/2015<br>c) 12/22/15<br>d) 2/16/16<br>e) 3/23/16<br>f) 3/29/16<br>g) 5/3/16 | F.R.E. 402, 403, 802 and 901 (to the extent these transcripts will be produced without certificate of authentication) |
| 33 | IAB Worksheets | F.R.E. 402, 403, and 802.. Defendants cannot provide specific objections as the exhibit is not specifically identified. |
| 34 | Mugshot | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 35 | UF49 | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 36 | OLPA | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |

| 37 | Medical Treatment of Prisoner Form | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
|---|---|---|
| 38 | DAT Investigation Report | F.R.E. 402, 403, and 802 |
| 39 | Queens County DA Folder Cover | F.R.E. 402, 403, and 802. |
| 40 | Construction photos | F.R.E. 402, 403, and 901 |
| 41 | Pre-arraignment notification report | F.R.E. 402, 403, 802 and 901 |
| 42 | CJA Interview Sheet | F.R.E. 402, 403, 802 and 901 |
| 43 | Vouchers for property | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 44 | Handwritten notes | F.R.E. 402, 403, 802 and 901 (Unclear to what document this exhibit refers) |
| 45 | Event Unit Information | F.R.E. 402, 403, 802 and 901. |
| 46 | No fault documentation | F.R.E. 402, 403, 802 and 901 |
| 47 | Transcripts of CCRB interviews | F.R.E. 402, 403, 802, and 901: It is not specified to whom this exhibit refers. Assuming that this exhibit is referring to the interviews of the defendants and that these will only be used as impeachment, defendants have no objection to the extent there is a proper basis for same. |

| 48 | QCDA chronological record of case | F.R.E. 402, 403, and 802. |
|---|---|---|
| 49 | Debonet Memo book | F.R.E. 402, 403, and 802 |
| 50 | Deposition testimony of Zheng in Robert Midroy v. City of New York | F.R.E. 402, 403, 404, 802 and 901 (to the extent these transcripts will be produced without certificate of authentication) |
| 51 | Police Accident Report, Robert Midroy | F.R.E. 402, 403, 404, 802, and 901 |
| 52 | NYS DMV Driver's Manual | F.R.E. 402, 403, 802 and 901 |
| 53 | Prisoner Holding Pen Roster | F.R.E. 402, 403, and 802 |
| 54 | Central Booking Medical Screening Form | F.R.E. 402, 403, and 802 |
| 55 | Photos of location of incident (attachments.pdf) | F.R.E. 402, 403, and 901: |
| 56 | DD5 reflecting call to IAB command center | F.R.E. 402, 403, and 802 |
| 57 | Photos of construction IMG_6663-6668.jpg | F.R.E. 402, 403, and 901: |
| 58 | BCATS | F.R.E. 402, 403, and 802 |
| 59 | Disposition and penalty form | F.R.E. 402, 403, 802 and 901 |
| 60 | Original disposition and penalty form | F.R.E. 402, 403, 802 and 901 |
| 61 | Voicemail referenced in 3/29/16 hearing transcript | F.R.E. 402, 403, 802 and 901 |
| 62 | Affidavit of Zuopeng Zheng dated 6/28/18 | F.R.E. 402, 403, and 802 |
| 63 | Affidavit of Alen Chen dated 6/27/18 | F.R.E. 402, 403, and 802 |
| 64 | Prisoner Pedigree Form | F.R.E. 402, 403, and 802: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 65 | IAB re-investigation documents | F.R.E. 402, 403, and 802 |
| 66 | Plaintiff's initial CCRB statement | F.R.E. 402, 403, and 802 |
| 67 | Letter from Sgt. Coppolla to plaintiff | F.R.E. 402, 403, 802 and 901 |
| 68 | Maps of the location (demonstrative) | F.R.E. 402, 403, and 901: Defendants have no objection to the extent such evidence is properly authenticated and |

| | | |
|---|---|---|
| | | introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 69 | Report of Dr. Ali Guy | F.R.E. 402, 403, 702, 703,. 704, 705, and 802. |
| 70 | Pre-hospital care report | F.R.E. 402, 403, and 802. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 71 | Elmhurst hospital treatment records[4,5] | F.R.E. 402, 403, 802, and 901[6]: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 72 | Diagnostic imaging – 9/25/15 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 73 | Diagnostic imaging – 10/2/15 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an |

---

[4] Defendants note their blanket objection to any portions of medical records listed in this Order that have already been ruled to be inadmissible at trial by the presiding Magistrate Judge in this action.

[5] In response to defendants' n.4, plaintiff respectfully notes that the presiding Magistrate Judge has issued no such ruling.

[6] Defendants do not object to plaintiff's Elmhurst hospital records from August 13, 2015 on authenticity grounds.

| | | |
|---|---|---|
| | | appropriate time and for a relevant purpose. |
| 74 | MRI report 10/2/15 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 75 | Diagnostic imaging – 10/26/15 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 76 | Diagnostic imaging – 11/2/15 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 77 | Diagnostic imaging – 7/16/18 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 78 | Advanced medical concepts records | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an |

| | | |
|---|---|---|
| | | appropriate time and for a relevant purpose. |
| 79 | Medical records Hank Ross MD | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 80 | Medical records produced 3-22-19 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 81 | Treatment report of Dr. Golzad 7/10/18 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 82 | Treatment Reports of Dr. Plotnik | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 83 | Dr. Golzad treatment records | F.R.E. 402, 403, 802, and 901. Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an |

| | | |
|---|---|---|
| | | appropriate time and for a relevant purpose. |
| 84 | MRI Report – cervical spine 9/25/15 | F.R.E. 402, 403, 802, and 901: Defendants have no objection to the extent such evidence is properly authenticated and introduced through a proper witness at an appropriate time and for a relevant purpose. |
| 85 | All records of the medical treatment and diagnostic examinations of plaintiff not specifically enumerated above, including those exchanged by the parties bearing Bates Stamp nos. P2-38, P39, P109-P111, P112-P118, P492-493, P494-496, P497-521, P522-554, P555, P556-558, P559-563, P564-747, P748-751, D366-393, D394-395, D528, D582, D667-684, D779-956, D1736-1772, D1773-1790 and D1791-1798; and any records of continuing treatment produced in accordance with Fed. R. Civ. P. 26(e).[7] | Defendants cannot provide specific objections as the exhibit is not specifically identified. To the extent this exhibit refers to documents not produced in discovery, defendants object on that basis. |

**Defendants**[8]

| Exhibit | Description | Objection/Response |
|---|---|---|
| A | Transcript of 50-h hearing of plaintiff held on July 15, 2016 | F.R.E. 402, 403, 802 and 901; Plaintiff submits that this transcript can be used to impeach plaintiff but should not be published to the jury as an exhibit. |
| B | Transcript of deposition of plaintiff held on July 18, 2018 | F.R.E. 402, 403, 802 and 901; Plaintiff submits that this transcript can be used to impeach plaintiff (or for any purpose authorized by Fed. R. Civ. P. 32) but |

---

[7] Plaintiff is undergoing continuing medical, cognitive, neurological, psychological, chiropractic and rehabilitative treatment and, in addition to his ongoing follow-up treatments, may require future medical interventions, including, *inter alia*, injections and surgery. Plaintiff reserves the right to supplement the medical records and treating physicians listed herein, and to seek leave to supplement his Rule 26(a)(2) disclosures, as appropriate.

[8] Defendants have included impeachment material but reserve their right to designate additional exhibits, including additional impeachment exhibits, and to use and/or introduce as evidence any exhibits on plaintiff's exhibit list and/or introduced by plaintiff at trial.

| | | |
|---|---|---|
| | | should not be published to the jury as an exhibit. |
| C | Audio of CCRB interview with plaintiff | No objection. |
| D | Transcript of deposition of plaintiff held on November 8, 2018 | F.R.E. 402, 403, 802 and 901; Plaintiff submits that this transcript can be used to impeach plaintiff (or for any purpose authorized by Fed. R. Civ. P. 32) but should not be published to the jury as an exhibit. |
| E | Maps of the location (demonstrative) | No objection. |
| F | Medical records of Dr. Golzad | No objection. |
| G | Medical records of Dr. Plotnik | No objection. |
| H | Medical records of Hank Ross MD | No objection. |
| I | Medical records of Advanced Medical Concepts PC | No objection. |
| J | Medical records of Pain Management | No objection. |
| K | Medical records of Corona Chiropractic/Dr. Suzanne Plotnick | No objection. |
| L | Medical records of Community Medical Imaging | No objection. |
| M | Medical records of Kolb Radiology | No objection. |
| N | Medical records of Comprehensive Spine & Pain Center of New York | No objection. |
| O | Medical records of Mark S. McMahon, MD | No objection. |
| P | MRI images from Community Medical Imaging | No objection. |
| Q | MRI images from Kolb Radiology | No objection. |
| R | Marijuana recovered from plaintiff's backpack on August 13, 2010 | F.R.E. 402, 403. Additionally, this evidence was never produced for inspection despite plaintiff's Rule 34 request (Document Request 5(n)) and should be precluded in any event pursuant to Fed. R. Civ. P. 37(c)(1). |
| S | Marijuana field test report | F.R.E. 402, 403. |
| T | IAB photographs of parked car | No objection. |
| U | Elmhurst Hospital records | No objection. |
| V | Bellevue Hospital records | No objection. |
| W | Forest Hills Hospital records | No objection. |
| X | FDNY Prehospital Care Report Summary | No objection. |
| Y | Certificate of disposition | No objection. |

Dated: _____
        Brooklyn, New York

                                    SO ORDERED:

                                    _____
                                    HONORABLE NINA GERSHON
                                    UNITED STATES DISTRICT JUDGE