


eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

July 13, 2022

**BY ECF**
Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Rodriguez v. City of New York, et al.*, 16 CV 5861 (NG) (RER)

Your Honor:

I represent plaintiff in the above-referenced action. I write to respectfully request that the Court endorse plaintiff's proposed in limine briefing schedule as set forth below.

As the Court may recall, this § 1983 action involves a 2015 incident in which plaintiff, a bicyclist, was violently stopped by an NYPD vehicle on a Queens roadway. Following discovery, the parties cross-moved for summary judgment and this Honorable Court resolved the motions by decision dated March 28, 2022. DE #90. The parties then appeared for a status conference on April 13, 2022, at which point defendants were newly represented by Joshua Kaufman, the ninth ACC to be assigned to this case. *See* Transcript, annexed as Exhibit 1.

At the conference, the Court described "very strong evidence favoring the plaintiff's version of the events" and encouraged the parties to discuss settlement, with defense counsel expressing keen interest in resolving the matter. In consultation with the parties, the Court then set a schedule to allow for settlement discussions and, if no agreement could be reached, in limine briefing to facilitate orderly transfer of the matter for jury trial. *See* Exhibit 1 and Minute Entry dated April 13, 2022.

The undersigned promptly conveyed a settlement demand but never heard from Mr. Kaufman. When we followed up and ultimately reached defense counsel in early June, we learned for the first time that Mr. Kaufman was imminently departing the Law Department; the case would be transferred to yet another attorney; and defendants would be seeking an extension of the schedule for the tenth ACC to get up to speed. *See* DE #91. After the Court granted defendants an additional month, plaintiff again never heard from defense counsel and, on July 5, 2022, the undersigned emailed the Chief of the Special Federal Litigation Division to inquire; we were only then contacted by new counsel.

If it should please the Court, new defense counsel does not share Mr. Kaufman's enthusiasm for settlement and has declined to make any offer to Mr. Rodriguez. While defendants are, of course, free to adopt any settlement posture they choose, we respectfully submit that defendants' current position is at odds with their representations at the last conference and in tension with the Court's remarks. In any event, the delays previously granted to defendants under the pretense that they were interested in settlement have inured to the detriment of Mr. Rodriguez, who wishes to expeditiously try his claims.

In this context, plaintiff proposed that the parties brief in limine motions in August. Defendants' new counsel, however, insists on a briefing schedule that runs to October.[1] The parties agree that the eventual jury trial will take place before an available District Judge.

We are mindful of the ongoing difficulties in scheduling civil trials in this District and that regardless of the briefing schedule trial may remain a distant prospect. Nevertheless, we respectfully submit that an expedited briefing schedule is warranted here.

Accordingly, plaintiff respectfully requests that the Court adopt the following schedule:

| | |
|---|---|
| Motions in limine served by: | August 5, 2022 |
| Oppositions served by: | August 19, 2022 |
| Replies, if any, served, and papers filed in accordance with Rule 3.C of the Court's Individual Practices by: | August 26, 2022 |

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge

Defense counsel

[1] Although defendants have not disclosed their intended in limine motions, there would appear to be few, if any, significant issues for them to raise. *See* Exhibit 1, p. 14, ln. 16-22.